# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| Cambridge Riverview, LLC, et al., | : | Case No. 5:24-02216-MJC |
| | : | (Jointly Administered) |
| Debtor. | : | |

## MEMORANDUM

### I. Introduction

Presently before the Court is Steven B. Atlass' Motion for Turnover of Property, specifically excess retainer funds following an Application for Compensation by Counsel, and the Chapter 7 Trustee's Objection to the Motion for Turnover. The Chapter 7 Trustee ("Trustee") objected to the Motion for Turnover of Property on the grounds that the unused retainer is property of the estate per 11 USC §541(a)(1) for each of the jointly administered Debtors. Steven B. Atlass ("Atlass"), the principal of the Debtors, argues the retainer was paid by him personally and the retainer must be returned pursuant to 11 U.S.C. §329(b)(2)[1] and the PA Rules of Professional Conduct.

For the reasons stated below, Atlass' Motion for Turnover is denied.

### II. Procedural Posture

All parties are familiar with the procedural history leading to the instant motion and it requires no review herein. On February 25, 2025, Atlass filed this Motion for Turnover ("Turnover Motion"). Doc. 139. The Chapter 7 Trustee filed an Answer to the Turnover Motion on March 11,

---

[1] Unless otherwise noted, all further statutory references are to the Bankruptcy Code, 11 U.S.C. §101, *et seq.*, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

2025. Doc. 144. Oral argument was presented on April 24, 2025. As directed by the Court, the parties filed supplemental briefs. This matter is now ripe for disposition.

### III. Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334 and the Standing Order of Reference of the U.S. District Court for the Middle District of Pennsylvania dated March 11, 2016. The pending matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(E) and 11 USC 329(b). Venue is proper pursuant to 28 U.S.C. §1409(a).

### IV. Facts

The facts relevant to this matter are not disputed. Atlass is the sole member/manager of Cambridge Riverview, LLC and the associated seven entities (collectively, "Debtors") that filed Chapter 11 bankruptcy and whose cases were later converted to Chapter 7.[2] Doc. 1 & Doc. 99. In his capacity as manager, Atlass signed an engagement letter with Bresset & Santora ("B&S") for the Debtors' Chapter 11 representation. Doc 2-2. The Debtors lacked funds to pay the retainer of $11,000.00 per case so Atlass withdrew the necessary funds from his IRA and wired the retainers directly to B&S. Doc. 139, ¶4 & 5. The engagement letter, the Disclosure of Compensation ("2016 Statement"), and the Application for Retention reflect that the Debtors paid the retainer fee. Docs. 2-2, 3, & Doc. 2. References to Atlass, personally, are limited to his signature on the engagement letter and as a future payor of fees to B&S on the 2016 Statement. Doc. 2-2 & Doc. 3, Line 3.

After conversion of the case, B&S filed an application for compensation. Doc. 108. The original application indicated that the Debtors paid B&S the retainers. After an objection by the

---

[2] The entities that filed Chapter 11 bankruptcy are the following: Cambridge Riverview, LLC; Cambridge Edensburg, LLC (Case No. 24-02223); Cambridge Falls, LLC (Case No. 24-02244); Cambridge Pointe, LLC (Case No. 24-02245); Cambridge Hillside, LLC (Case No. 24-02346); Cambridge Corry, LLC (Case No. 24-02348); Cambridge Creekside, LLC(Case No. 24-02350); Cambridge Warren, LLC (Case No. 24-02454). The Court entered an Order on October 11, 2024, granting the Debtors' motion seeking joint administration. Doc. 69.

primary secured creditor, the application was amended by B&S to indicate the retainer was paid by Atlass. Doc. 115, 119. The application was settled by a Stipulation between the Debtors and the creditor allowing for compensation of $59,309.74 to B&S. Doc 131. Exh A. Pursuant to the Stipulation, the Trustee is holding the unused retainer pending the outcome of the Motion for Turnover. *Id*.

V.  Analysis

Section 541 defines property of the estate as "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 USC §541(a)(1). The core issue of the Turnover Motion is whether any excess retainer following an award of compensation is property of the bankruptcy estate pursuant to §541(a)(1) when the retainer was paid by a third party.

There is no dispute that the retainer at issue in this case is a security retainer. Security retainers are defined as

> an agreement between debtors and their attorneys which provides that the retainer will be held by the attorneys to secure payment of fees for future services that the attorneys are expected to render. Under such a 'security retainer,' the money given to the debtors' attorney is *not* present payment for the future services. Rather, the retainer remains the property of the debtor until the attorney 'applies' it to charges for services actually rendered any unearned funds are then turned over by the attorneys to the debtor.

*In Re Bressman*, 214 B.R. 131, 140 (Bankr. D.N.J. 1997) *(citing to In re McDonald Bros. Construction, Inc.*, 114 B.R. 989, 999 (Bankr. N.D. Ill.1990)). This compensation arrangement is standard practice in Chapter 11 cases as it provides Debtor's counsel with "some assurance of future payment for valuable services rendered during the course of a bankruptcy case." *In Re Pannebaker Custom Cabinet*, 198 B.R. 453, 460 (Bankr. M.D.Pa 1996).

The majority of courts have held that because the security retainer remains property of the Debtor until earned by the professional, these retainers are property of the estate. *See In re*

3

Case 5:24-bk-02216-MJC    Doc 159    Filed 08/18/25    Entered 08/19/25 08:09:31    Desc
Main Document      Page 3 of 6

*Datesman*, 1999 WL 608856 (Bankr. E.D. Pa. 1999) (the right to a refund of the retainer is an equitable interest of the debtor qualifying same as property of the estate); *Bressman* at 139 (holding that the retainer is generally held to be property of the estate); *In re Printing Dimensions, Inc.*, 153 B.R. 715, 719 (Bankr. D. Md. 1993) (the retainer is characterized to be property of the estate variously under 11 USC §541(a)(3), (a)(1), (a)(7) or (d)). This Court agrees with the majority view that a security retainer is property of the debtor until earned by counsel and is therefore property of the estate pursuant to §541(a)(1).

Having found that security retainers are generally property of the estate, the remaining issue is who is the owner of the excess retainer when a third party paid the retainer at the outset of the case. Atlass argues that the retainer is not Debtors' property because, per the PA Rules of Professional Conduct, any unused retainer must be returned to the "source" of the payment. However, upon review, the Rules suggest that any unused retainer must be returned to the "client." PA Rules of Prof'l Conduct Rule 1.16 states "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a *client's* interests, such as…refunding any advance payment of fee or expense that has not been earned or incurred." Pa. R. of Prof'l Conduct 1.16(d) *(emphasis added)*. Comment 2 to PA Rule of Professional Conduct 1.5 emphasizes that though a lawyer may require advance payment of fees, that lawyer is also obligated to return any unused portion of those fees. *See* Pa. R. of Prof'l Conduct 1.5. There is, simply, no reference to returning retainers to the "source." The Rules of Professional Conduct are designed to protect clients, not third-party funders of an action. As such, any unused security retainer, per the PA Rules of Professional Conduct, is the property of the client, not the "source" of the funds.

Atlass cites to several cases where the Court has held that retainers should or could be returned to a third-party source. The Court does not find the facts in these cases analogous to the issue at bar. Atlass relies heavily upon *In Re Gray's Run Technologies, Inc*, 217 B.R. 48 (Bankr. M.D.Pa. 1997). In *Gray's Run*, the Court held that a professional was prevented from a taking a non-refundable pre-petition retainer and the Court's §329(b) powers permitted discretion over retainers and their distribution to professionals. *Id*. at 53, 55. The Court held "[t]he potential refundability is a right that accrues to the debtor-in-possession, or, the trustee, *or*, for that matter, to any other 'entity that made such payment.'" *Id.* at 57. The Court made no determination regarding ownership of the retainer, simply refundability. *Id*. The refundability of a retainer is not at issue in this case, ownership of that retainer is the issue.

In the matter before the Court, B&S was paid a total retainer of $88,000.00. Of that $88,000.00, there remains $28,990.25 being held by the Trustee. Doc. 139, ¶ 3,11. The pertinent documents in this case do not support Atlass' position that the excess retainer should be refunded to him because he was the source of that retainer.[3] The engagement letter is with the Debtors, the Disclosure of Compensation states the retainer was paid to B&S by the Debtors, and the Statement of Financial Affairs is silent, referring the Court back to the Disclosure of Compensation.[4] Significantly, the Application for Approval of B&S as Counsel for the Debtors indicates that the Debtors paid the retainers. *See* Doc. 2 at ¶16. There was no mention of any payment by Atlass or

---

[3] In citing to non-Third Circuit law, Atlass refers the Court to two additional cases. In *In Re Parast*, 612 B.R. 698, (Bankr. D. S.C. 2020), the engagement letter specifically states that any excess retainer shall be returned to the third-party funder of the case. *See Parast* at 701. Ultimately in *Parast*, Maryland gifting laws led to a decision that the retainer must be returned to the third party. *Id*. at 708. It is undisputed that no such terms were included in the engagement letter signed by Debtors with B&S, as such, *Parast* does little to bolster Atlass' claim that he is the owner of the unused retainer. In the second case cited by Atlass, *In re Coastal Nursing Center, Inc.* 162 B.R. 918 (Bankr.S.D.Ga. 1993), the Court made a bare assertion that the third-party paid retainer was not property of the estate with no supporting facts or law, rendering *Coastal Nursing Center*, at best, difficult to apply to the facts/case herein.

[4] The Statement of Financial Affairs provided the Debtors and Atlass with the opportunity to clarify how compensation had been paid to B&S. Neither party availed themselves of this opportunity to provide accurate disclosure to the Court of the source of compensation in this case. *See* Doc 45, p. 5, ¶ 11.1.

5

any "refund" to Atlass. The Court approved B&S's retention based upon the application. The unused portion of the retainer, as a security retainer, was not earned by B&S and, as such, remains property of the client, in this matter – the Debtors. There is no reason for this Court to look beyond the documents as filed. The excess retainer is property of the Debtors and, as a result, is property of the estate pursuant to 11 USC §541(a)(1).

For all the reasons stated, Atlass' Motion for Turnover is denied. An appropriate Order shall be entered.

By the Court,

_____
Mark J. Conway, Bankruptcy Judge
Dated: August 18, 2025